IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cr-111-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NATHANIEL JOSEY | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

On April 2, 2019, defendant pleaded guilty to one count of conspiracy to possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a), (b)(1); two counts of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of possession with the intent to distribute a quantity of cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); and one count of possession with the intent to distribute five hundred grams or more of cocaine and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Court sentenced defendant on January 29, 2020 to a total term of imprisonment of 84 months. On January 3, 2021, defendant filed the instant motion for compassionate release. Defendant is sixty-three years old and suffers from gross hematuria due to an enlarged prostate, borderline diabetes, residual pain in both of his knees and his right hip, high cholesterol, and obesity. In his motion, he contends that his history of health problems, in light of the COVID-19 pandemic, constitutes an extraordinary and compelling reason warranting compassionate release. The government has responded in opposition.

## DISCUSSION

The filing of a notice of appeal confers jurisdiction on the court of appeals and simultaneously divests the district court of jurisdiction over aspects of the case relevant to the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (2012). Therefore, the Court is without jurisdiction to grant compassionate release or otherwise modify a defendant's term of imprisonment while an appeal is pending. *See id.* However, "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may . . . deny the motion." Fed. R. Crim. P. 37(a)(2).

The Court now turns to the analysis of the compassionate release motion. Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). When reducing a term of imprisonment via compassionate release,

---

[1] Pub. L. 115-391, 132 Stat. 5194.

2

a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.*

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 944(t). As of now, however, there is no applicable policy statement governing compassionate-release motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). Therefore, district courts may consider "*any* extraordinary and compelling reason for release that a defendant might raise." *Id.* (citing *United States v. Booker*, 976 F.3d 228, 230 (2d Cir. 2020)). In addition to considering whether extraordinary and compelling circumstances are present, a court must further consider the 18 U.S.C. § 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(2).

Defendant argues that his health conditions constitutes an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). The government asks the Court to deny relief because defendant has not exhausted his administrative remedies.

Even assuming defendant exhausted his administrative remedies he Court finds that the § 3553(a) factors caution against relief in this case. Defendant was very recently sentenced just over one year ago. Furthermore, defendant was offered the COVID-19 vaccine and refused it. Considering defendant's history, the need to promote respect for the law, and the need to deter future criminal activity, the Court concludes that relief under § 3582(c)(1)(A) is not justified here.

## CONCLUSION

For these reasons, defendant's motion for compassionate release [DE 150] is DENIED.

SO ORDERED, this 15 day of February, 2021.

                                                                                                  _/s/ Terrence Boyle_
                                                                                       TERRENCE W. BOYLE
                                                                                       UNITED STATES DISTRICT JUDGE